IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Darryl Thompson, ) | C/A No.: 3:06-1020-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, Darryl Thompson, initiated this action against the South Carolina Department of Corrections ("SCDC") alleging a claim for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). The plaintiff claims he was terminated from his employment with the SCDC in retaliation for a 2003 lawsuit he filed against the SCDC for racial discrimination.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that defendant's motion for summary judgment[2]

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond
(continued...)

1

should be granted or alternatively, that plaintiff's claims be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 18, 2007. The plaintiff has not timely filed objections[3] to the Report.

In its motion for summary judgment, the respondent first contends that Thompson has no evidence to rebut its legitimate, non-retaliatory reason for terminating plaintiff based on his repetitive violation of SCDC policies and excessive abuse of sick leave. The SCDC also argues that the plaintiff cannot show evidence of a causal connection between the first racial discrimination lawsuit against SCDC in 2003 and plaintiff's subsequent termination from employment with SCDC.

The Magistrate Judge correctly opines that the plaintiff fails to establish a prima facie case under Title VII because he has not established a causal connection between his alleged protected activity (filing the previous lawsuit) and his termination. The Magistrate Judge

---

[2](...continued)
to the motion for summary judgment. Plaintiff did not respond to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

notes that even if the plaintiff could establish a prima facie case of retaliation, the defendant has articulated a legitimate, non-discriminatory reason for terminating the plaintiff and the plaintiff fails to show pretext. The plaintiff had an extensive record of disciplinary actions taken against him by the SCDC before he filed the previous lawsuit. Those disciplinary actions involved violations of SCDC leave policies wherein the plaintiff called in sick numerous times (missing over 1,000 hours in 2004 alone) without providing a physician's excuse for the excessive absences.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the respondent's motion for summary judgment is granted and this matter is dismissed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
June 14, 2007                                                              United States District Judge
Columbia, South Carolina